Marion "Mike" GRILLS, Petitioner,

v.

STATE OF TENNESSEE, Respondent.

Civ. A. No. 2880.

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 28, 1972.

Marion "Mike" Grills, pro se.

W. Henry Haile, Asst. Atty. Gen.,
State of Tennessee, for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

Counsel for the respondent now concedes the applicant herein for the feder-al writ of habeas corpus Mr. Marion "Mike" Grills has exhausted his state remedies. 28 U.S.C. § 2254(b), (c). The applicant contends that he is in the custody of the warden of Brushy Mountain state penitentiary pursuant to the judgment of the Criminal Court of Sullivan County, Tennessee in violation of his right under the Constitution, Fourteenth Amendment, to due process of law, 28 U.S.C. § 2254(a), in that he was denied a fair trial in State of Tennessee v. Marion "Mike" Grills, Case No. 5811–BL in such aforenamed court, by the introduction of evidence therein of another criminal offense he allegedly committed and by prejudicial remarks to the jury by prosecuting attorneys.

■ The applicant Mr. Grills was positively identified by five witnesses as one of the armed gunmen who robbed participants in a poker game sometime about midnight on the evening of October 21–22, 1967, during which one of the victims was pistol-whipped in his face. The trial judge permitted a witness, Mr. Curtis Jones, to testify that, some four hours afterward, the applicant Mr. Grills was an armed gunman who participated in the robbery and pistol-whipping of this witness.

Under those circumstances, such evidence of the subsequent crime of a similar nature was admissible. The prosecution

> * * * had the burden of proving criminal intent, and evidence of similar acts occurring reasonably near in time and reflecting intent similar to that charged in [the] case [*sub judice*] was clearly relevant and material as throwing light upon and explaining the intent with which the [applicant] did the things charged against him in the indictment. * * *

Whaley v. United States, C.A. 9th (1963), 324 F.2d 356, 358 [2], certiorari denied (1964), 376 U.S. 911, 84 S.Ct. 665, 11 L.Ed.2d 609. " * * * Evidence that [a] similar and related offense [was] committed in this period tended to show a consistent pattern of conduct highly relevant to the issue of

66

intent. * * *" Nye & Nissen v. United States (1949), 336 U.S. 613, 618, 69 S.Ct. 766, 769, 93 L.Ed. 919, 924–925 (headnote 2). "* * * Acts similar to those charged in the indictment can be proved to show intent when they are sufficiently near and so related in kind as fairly to throw light on the question of intent, and are closely related and of the same general nature as the transactions out of which the criminal act arose. * * *". Richardson v. United States, C.C.A. 6th (1945), 150 F.2d 58, 63 [11].

The remarks of the prosecuting attorney objected to refer to his allusion to the fact that the defendants had appealed to the prosecuting attorney to help them stop committing such crimes, *viz.*,

   *    *    *    *    *    *

And they make me come here and feel like just getting down and begging you to help me stop them Heaven knows, we need your help, because your help can help stop them. Your help can have a great deal of influence. * * *

While this may not have been a fair inference from the record, such comments by the prosecuting attorney could have had but little to do with the conviction of the applicant and his associates by the jury of the crime for which they were on trial. The evidence had shown beforehand that the applicant had participated in a pattern of atrocious crimes of violence, and it was the duty of that criminal court to prevent crime. Certainly, meting out punishment to those proven guilty by such overwhelming evidence of the crime charged would contribute to deterring the defendants and all others from like offenses in the future.

It is thus evident from the petitioner's application and the record of the trial, as a result of which he stands incarcerated, that Mr. Grills is not entitled to the federal writ of habeas corpus. 28 U.S.C. § 2243. The petitioner Marion "Mike" Grills hereby is denied all relief. Rule 58(1), Federal Rules of Civil Procedure. Should he give timely notice of an appeal, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause, which, in that event, will issue, only questions of law being involved. Rule 22(b), Federal Rules of Appellate Procedure.